# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3146 | **DATE** | 3/8/2004 |
| **CASE TITLE** | David Reineke vs. Circuit City Stores, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The court grants Defendant's motion to dismiss (Doc. No. 3-1) and to compel arbitration (Doc. 3-3). The motion for stay (Doc. No. 3-2) is denied without prejudice. This case is dismissed without prejudice to arbitration of Plaintiff's claims. The court will retain jurisdiction over this case for purposes of enforcing this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 9 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 12 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 3/8/2004 date mailed notice | |
| ETV | courtroom deputy's initials | 2004 MAR -8 PM 5:11 | ETV mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID REINEKE,            )
                          )
        Plaintiff,        )
                          )
    v.                    )   No. 03 C 3146
                          )
CIRCUIT CITY STORES, INC.,)   Judge Rebecca R. Pallmeyer
                          )
        Defendants.       )

DOCKETED MAR 0 9 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff David Reineke filed this action against his former employer, Defendant Circuit City Stores, Inc., alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* Defendant moves to dismiss or stay the action and to compel arbitration pursuant to a Dispute Resolution Agreement that both parties signed at the time Plaintiff submitted his employment application.

Plaintiff argues that the court should deny Defendant's motions because Defendant failed to produced Plaintiff's complete personnel file, including his employment application, upon request, as required by the Illinois Personnel Record Review Act, 820 ILCS 40/1 *et seq.* In Plaintiff's view, the court should construe Defendant's failure to produce the personnel file as a concealment of a material fact, raising an equitable estoppel to the arbitration request. In the alternative, Plaintiff argues that the court should decline to enforce the arbitration agreement because it denies him a forum to vindicate his statutory rights.

For the reasons set forth here, the court concludes that Defendant's loss of Plaintiff's personnel file, while disappointing, does not defeat its right to compel arbitration of Plaintiff's claims. Defendant's motion is granted and this case is dismissed without prejudice.

## BACKGROUND

Courts treat motions to compel arbitration as assertions that they are deprived of subject matter jurisdiction during the course of arbitration. *Robert Half Int'l, Inc. v. Thompson*, No. 98 C 1080, 1999 WL 138849, at *1 (N.D. Ill. Mar. 5, 1999) (citing *Evans v. Hudson Coal Co.*, 165 F.2d 970, 972 (3d Cir.1948)). Accordingly, for purposes of this motion, the court draws the background facts from the parties' pleadings, but will also consider attached exhibits and affidavits. *Cf. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Where the facts are disputed, the court accepts Plaintiff's version, *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir.1987), but here the facts are largely undisputed.

Plaintiff submitted an application for employment with Circuit City Stores on May 5, 1995. (Plaintiff's Employment Application, Exhibit 1 to Affidavit of Teri C. Miles (hereinafter, "Miles Aff."), Exhibit A to Defendant's Motion to Dismiss.) Plaintiff does not challenge Defendant's assertion that in 1995, its form employment application incorporated a Dispute Resolution Agreement ("DRA") calling for arbitration of "any and all . . . claims, disputes or controversies arising out of or relating to [the prospective employee's] application or candidacy for employment, employment and/or cessation of employment with Circuit City. . . ," including claims under federal or state statutes or at common law. (*Id.*) The DRA provided, further, that it could be used in support of a motion to dismiss and to compel arbitration. (*Id.*) Defendant furnished a copy of its Dispute Resolution Rules and Procedures to each job applicant. (Miles Aff. ¶ 5.) There is no genuine dispute that Plaintiff executed the DRA. A copy of the first page of Plaintiff's employment application, as well as the third page, which refers to the DRA and on which his signature appears, is attached as Exhibit 3 to the Miles Affidavit. (Employment Application pages, Exhibit 3 to Miles Aff.)

Plaintiff nevertheless contends that Defendant lost its right to enforce the arbitration agreement because, at some point between 1995 and 2001, Defendant's managers misplaced

2

Plaintiff's personnel file, and with it, the original signed copy of Plaintiff's application. In August 2001, Plaintiff went on medical leave due to a work-related eye injury (Complaint ¶ 8), and when he returned to work in October, he alleges, he learned he had been demoted to a position incompatible with accommodations he needed. (Complaint ¶¶ 13-16.) On November 2, 2001, Plaintiff's attorney requested that Defendant furnish a copy of Plaintiff's "entire personnel file," including, specifically, his employment application. (Nov. 2, 2001 Letter of Michael Delaney to Heather Crawford, Exhibit A to Plaintiff's Answer to Defendant's Motion to Dismiss (hereinafter, "Plaintiff's Response.").) Donna Hughes Latta of Defendant's legal department responded by letter dated November 14, 2001, advising Mr. Delaney that Defendant was "in the process of scanning personnel files" and that Mr. Reineke's file was missing; Ms. Latta promised to provide the file when it was available. (Nov. 14, 2001 Letter of Donna Hughes Latta to Michael Delaney, Exhibit B to Plaintiff's Response.)

On December 5, 2001, Plaintiff filed a complaint with the Illinois Department of Labor under the Personnel Records Review Act, seeking access to his personnel file. (Department of Labor Complaint, Exhibit C to Plaintiff's Response.) Donna Hughes Latta responded to the complaint in a letter dated December 21, 2001 in which she explained that Defendant had not yet been able to locate Plaintiff's personnel file. (December 21, 2001 Letter of Donna Hughes Latta to Illinois Department of Labor, Exhibit E to Plaintiff's Response.) Plaintiff alleges that he was constructively discharged from his position with Defendant on May 22, 2002. (Complaint ¶ 20.) As of July 10, 2002, his personnel file was still missing. (July 10, 2001 Letter of Donna Hughes Latta to Michael Delaney, Exhibit K to Plaintiff's Response.) Plaintiff filed this lawsuit on May 13, 2003 (Complaint), and Defendant promptly moved to dismiss or stay the case and compel arbitration.

## DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, governs the enforceability, validity,

and interpretation of a contract's arbitration clause when the contract "evidenc[es] a transaction involving commerce." 9 U.S.C. § 2; see *Jain v. de Mere*, 51 F.3d 686, 688 (7th Cir. 1995). Arbitration agreements executed between employers and employees are enforceable under the FAA. Indeed, Defendant here won an important victory on this issue in *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001), where the Court held that, except where transportation workers' rights are at issue, employment contracts that include arbitration agreements are generally subject to enforcement pursuant to the FAA. *Id.* at 121-22. In a case such as this, where the rights invoked by Plaintiff are governed by federal law, the court has jurisdiction over Defendant's petition to compel arbitration of the dispute. 9 U.S.C. § 4. If the court determines that the parties have entered into an arbitration agreement and one party has failed to comply, the court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.*

Longstanding federal policy strongly favors arbitration. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)), and doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration. *Moses H. Cone*, 460 U.S. at 25. Significantly, the party opposing the motion to compel arbitration bears the burden of establishing that Congress intended to preclude arbitration of the respective statutory claims. *Id.* at 92. With respect to issues of contract formation concerning the arbitration agreement, the court will rely on state law. *Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 367 (7th Cir. 1999); *Gibson v. Neighborhood Health Clinics, Inc.* 121 F.3d 1126, 1130 (7th Cir. 1997). In this case, the court looks to Illinois contract law because the agreement was signed and the dispute arose in Illinois. *See Koveleskie*, 167 F.3d at 367.

Notably, Plaintiff does not argue that Congress has expressed an intention that FMLA or

4

ADA claims may not be the subject of arbitration.[1] Instead, Plaintiff contends that Defendant's failure to meet its obligations under state law, specifically, the Illinois Personnel Record Review Act, 820 ILCS 40/1 *et seq.*, estops it from seeking enforcement of the arbitration agreement. The Personnel Record Review Act guarantees Illinois workers the right, upon request, to review the personnel records maintained by their employers. An employer who fails willfully to provide such records on request is barred from using them in state court proceedings:

> Personnel record information which was not included in the personnel record but should have been as required by this Act shall not be used by an employer in a judicial or quasi-judicial proceeding. However, personnel record information which, in the opinion of the judge in a judicial proceeding or the hearing officer in a quasi-judicial proceeding, was not intentionally excluded from the personnel record may be used by the employer in the proceeding if the employee agrees or has been given a reasonable time to review the information.

820 ILCS 40/4.

For several reasons, this court concludes that the Personnel Record Review Act does not bar Defendant from seeking enforcement of the arbitration agreement here. First, as the Seventh Circuit explained in *Park v. City of Chicago*, 297 F.3d 606, 611-12 (7th Cir. 2002), it is the Federal Rules of Evidence, not state law principles, that control the admissibility of evidence in federal court. In *Park*, a Title VII case, plaintiff cited the Personnel Record Review Act in her motion to bar the introduction in evidence of documents that the defendant had produced in discovery but had not disclosed in response to plaintiff's earlier request for inspection of her personnel files. The district court denied that motion, and the Court of Appeals affirmed, citing *Hanna v. Plumer*, 380

---

[1] Such an argument would have little traction. *See Mandel v. SCI Ill. Servs., Inc.*, 2003 WL 21801016 (N.D. Ill. Aug. 1, 2003) (compelling arbitration of FMLA claim); *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126 (7th Cir. 1997) (implicitly finding employee agreed to submit ADA claim to arbitration by skipping this threshold question and advancing to whether the arbitration agreement at issue was valid); *Miller v. Pub. Storage Mgmt., Inc.*, 121 F.3d 215, 218 (5th Cir. 1997) (finding that "Congress did not intend to exclude the ADA from the scope of the FAA."); *Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 149 (1st Cir. 1998) ("the ADA expressly encourages arbitration of disputes"); *see also* 42 U.S.C. § 12212 (stating "the use of alternative means of dispute resolution including . . . arbitration, is encouraged to resolve disputes arising under this chapter.")

5

U.S. 460 (1965), for the proposition that the admissibility of evidence and matters of practice and procedure are governed by federal law, not state law. This court is even less inclined to bar Defendant Circuit City from introducing the arbitration agreement which, unlike the documents at issue in *Park*, does not constitute substantive evidence relating to the merits of Plaintiff's statutory claims.

In *Park*, the district court noted that there was no evidence that the defendant had intentionally withheld the documents at issue. The Personnel Record Review Act itself provides that where the court finds that personnel record information was not intentionally withheld from disclosure, such information is admissible if the employee is provided an opportunity to review the information. That test is clearly met in this case. There is no logical or factual basis here for a finding that Defendant's inability to produce the original personnel file was intentional. Further, although it is undisputed that Defendant has never produced Plaintiff's personnel file, it has in fact produced a copy of the arbitration agreement at issue in this case. Presumably from a source other than Plaintiff's personnel file, Defendant has located copies of certain pages of the arbitration agreement, including the signature page. Although Defendant did not retain a copy of page two of the agreement, it has provided a copy of that page from its form agreement. Those documents are, in this court's view, satisfactory under FED. R. EVID. 1004. Plaintiff does not argue that the copies are inaccurate, nor can he argue that he has not been given a "reasonable time to review the information" as provided in the Act.

Plaintiff's remaining arguments also do not satisfy the court that Defendant's motion should be denied. Plaintiff characterizes Defendant's failure to produce his personnel file as supporting equitable estoppel. The single case he cites, *McInerney v. Charter Golf, Inc.*, 176 Ill.2d 482, 680 N.E.2d 1347 (1997), involved an employee's promise to forego a competing job opportunity in return for his employer's oral promise of lifetime employment. The Illinois Supreme Court found the employer was not equitably estopped from arguing that the statute of frauds rendered the

alleged lifetime employment promise unenforceable. *Id.* at 492, 680 N.E.2d at 1352. Those circumstances bear little resemblance to the case before this court. The *McInerney* court explained that equitable estoppel arises where "one party has relied upon another party's misrepresentation or concealment of a material fact." *Id.* Defendant Circuit City's failure or inability to produce a copy of the arbitration agreement does not constitute a misrepresentation or concealment of any material fact. Indeed, Plaintiff does not suggest that he was unaware of the existence of the arbitration agreement that he himself signed.

Finally, Plaintiff argues that the arbitration agreement is unenforceable because it effectively denies him any forum to vindicate his rights. He notes that Defendant's failure to provide a copy of the arbitration agreement to him before filing of this lawsuit effectively prevented him from filing an arbitration demand within the one year limitation period set forth in the Dispute Resolution Rules and Procedures. (Dispute Resolution Rules and Procedures, Exhibit 4 to Defendant's Motion, Rule 4b(i).) As Defendant's reply makes plain, however, Defendant views a lawsuit filed within one year of the challenged employment action as a timely demand for arbitration. (Affidavit of Teri C. Miles, Exhibit A to Defendant's Reply Memorandum, ¶ 7.) Defendant has committed that it will not raise a limitations defense to arbitration of Plaintiff's claim.

One last observation: Plaintiff himself was or should have been aware of the existence of the arbitration clause at the time he filed this lawsuit. Nevertheless, because Defendant's inability to produce Plaintiff's personnel file, including a copy of the arbitration agreement, arguably deprived Plaintiff's counsel of relevant information, the court will expect Defendant to reimburse Plaintiff for the filing fee he incurred in filing this lawsuit.

## CONCLUSION

Because all of the claims raised in Plaintiff's complaint are subject to arbitration, the court grants Defendant's motion to dismiss (Doc. No. 3-1) and to compel arbitration (Doc. No. 3-3). *See*

*Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir.1999). The motion for stay (Doc. No. 3-2) is denied without prejudice. This case is dismissed without prejudice to arbitration of Plaintiff's claims. The court will retain jurisdiction over this case for purposes of enforcing this order.

ENTER:

Dated: March 8, 2004

REBECCA R. PALLMEYER
United States District Judge